UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH E. DUMONT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CDCR HEALTH CARE TRACY, et al.,<br><br>　　　　Defendants. | No.  2:18-cv-0101 AC P<br><br><br>ORDER |

Plaintiff, a former state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.   Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 2, 16. Accordingly, the request to proceed in forma pauperis will be granted.

II.   Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners[1] seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

---

[1] Plaintiff was incarcerated when he initiated this action.

1

"frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The federal in forma pauperis statute also authorizes federal courts to dismiss a case if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. Complaint

The first amended complaint names Palagumi, Price, Lambert, and Macias as defendants, as well as CDCR Tracy Medical, DVI Institution, and Kasson School at DVI. ECF No. 15 at 1, 5. Plaintiff alleges that Palagumi did not test his vision or refer him to a specialist for injuries, while Price held back his mail for postage and created other restrictions that resulted in plaintiff's criminal appeal being late and barring plaintiff from the appeals process. Id. at 3-4. He appears to further allege that CDCR Health Care stopped his referrals for various conditions, lost his medical records, and exposed his personal information when an employee's laptop was stolen after being left in the car. Id. at 3, 6. Finally, plaintiff alleges that Macias and Kasson School painted some steps with an oil-based epoxy that "weeped," causing plaintiff to slip, and that the steps were unsafe because they did not have anti-skid pads. Id. at 3.

### IV. Failure to State a Claim

#### A. State Entities

Plaintiff has identified CDCR Tracy Medical, DVI, and Kasson School at DVI as defendants. ECF No. 1 at 1. However, "an unconsenting State is immune from suits brought in federal courts by her own citizens." Edelman v. Jordan, 415 U.S. 651, 662-63 (1974) (citations omitted). "Will[v. Mich. Dept. of State Police, 491 U.S. 58 (1989)] establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court." Howlett v. Rose, 496 U.S. 356, 365 (1990). Accordingly, since the CDCR, the prison, and the departments within the prison are arms of the State, they are immune, and plaintiff fails to state any claims against them.

3

B. Eighth Amendment

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. Then he must fail to take reasonable measures to lessen the substantial risk of serious harm. Id. at 847. Negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

////

Plaintiff does not provide sufficient facts to demonstrate that any defendant violated his rights under the Eighth Amendment. There are no allegations against defendant Lambert, and though plaintiff claims Palagumi failed to test his vision and refer him to a specialist, there are no other facts regarding the interaction, such as what condition she failed to treat, that would show that she was aware of a risk to plaintiff's health. With regard to the claims against Macias, it is unclear what plaintiff means when he alleges that the paint wept. Assuming he means the paint seeped some kind of liquid, there are no facts from which the court can infer that Macias was aware of the risk.

### C. First Amendment

Inmates have a "'fundamental constitutional right of access to the courts.'" Lewis v. Casey, 518 U.S. 343, 346 (1996) (quoting Bounds v. Smith, 430 U.S. 817, 828 (1977)). However, the right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354 (citations omitted). Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). To state a claim based on denial of access to the courts, a plaintiff must allege facts demonstrating that he suffered an actual injury by being shut out of court. Id. at 415; Lewis, 518 U.S. at 351. Additionally, to properly plead a denial of access to the courts claim, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." Christopher, 536 U.S. at 417-18 (footnote omitted).

Although plaintiff alleges that defendant Price interfered with his criminal appeal, he has not provided any information regarding the underlying claim that he was trying to pursue. He also states that in addition to his mail being held back for postage there were other unspecified restraints that caused his appeal to be late. Without more details, plaintiff fails to sufficiently state a claim denial of access to the courts.

////

V.     Improper Joinder

Plaintiff's complaint is also improper as it brings multiple, unrelated claims, against more than one defendant. If plaintiff chooses to amend the complaint, he is advised that he may only join multiple claims if they are all against a single defendant, Fed. R. Civ. P. 18(a), and he may only join defendants where the right to relief arises out of the same "transaction, occurrence, or series of transactions," and "any question of law or fact common to all defendants will arise in the action," Fed. R. Civ. P. 20(a)(2). In other words, joining more than one claim is only proper when it is against one defendant, and joining multiple defendants in one complaint is only proper when the claims against them are based on the same facts. Plaintiff must decide which related claims and defendants he wants to pursue in this action, and any unrelated claims involving different defendants must be brought in separate suits.

VI.    Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended

complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VII.   Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the filing fee.

The complaint will not be served because the facts you have alleged are not enough to state a claim for relief. You have not shown that any of the defendants knew of and ignored an excessive risk to your health or safety and you have not identified your serious medical need. You also have not explained what your appeal was about. Your claims against the prison and departments within the prison are barred because those defendants are immune. You must name as defendants the individuals who were responsible for the conduct about which you are complaining.

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint. **Any claims and information not in the first amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis, ECF No. 2, 16, is granted.

2. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

3. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

////

4. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: January 15, 2021

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE