UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH E. DUMONT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CDCR HEALTH CARE TRACY, et al.,<br><br>　　　　Defendants. | No. 2:18-cv-00101-TLN-AC<br><br>**ORDER** |

This matter is before the Court on Plaintiff Ralph E. Dumont's ("Plaintiff") Motion for Reconsideration of the Court's July 6, 2021 Order dismissing this action (ECF No. 23). (ECF No. 25.) For the reasons set forth below, Plaintiff's motion is DENIED.

///
///
///
///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a former state prisoner proceeding *pro se*, initiated this civil action on January 17, 2018. (ECF No. 1.) On November 7, 2018, Plaintiff filed a First Amended Complaint ("FAC") which purported to assert claims for: "[(1)] A.D.A. Disabilities Blind L eye, No Catheter to Urinate, Open mail, Took T.V. Slip and Fall, Falsely given 2 yrs, unlawful detension[; (2)] Right to appeal in a Court of law and to pay postage. False imprisonment. Rights to proper care & Freedom[; and (3)] Right to medical care while imprisoned, And secured medical rights." (ECF No. 15.)

On January 19, 2021, the magistrate judge issued findings and recommendations which screened and dismissed the FAC with leave to amend on the basis that: Plaintiff's claims against the named state entities were barred by the Eleventh Amendment; Plaintiff failed to assert an Eighth Amendment claim against Defendant Lambert because no facts were asserted against Lambert; Plaintiff failed to allege facts showing Defendant Palagumi was aware of any risk to Plaintiff's health; Plaintiff's allegations against Macias were entirely unclear; Plaintiff failed to state a First Amendment access to the courts claim against Defendant Price because he failed to allege sufficient facts to identify the underlying claim he was trying to pursue; and the FAC improperly joined multiple unrelated claims and parties. (ECF No. 17 at 3–6.) In granting Plaintiff leave to amend, the magistrate judge additionally cautioned Plaintiff that

> the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. . . .
>
> VII. Plain Language Summary of this Order for a Pro Se Litigant
>
> . . . If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint. **Any claims and information not in the first amended complaint will not be considered.**

(*Id.* at 6–7 (citing *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967), *overruled in part by Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pleaded in subsequent amended complaint to

1    preserve appeal) (emphases in original).)  Plaintiff was granted 30 days to file an amended

2    complaint.  (*Id.* at 7.)  Plaintiff failed to file an amended complaint.

3           On March 9, 2021, the magistrate judge ordered Plaintiff to file an amended complaint

4    within 21 days or face dismissal of the action without further warning.  (ECF No. 18.)  Plaintiff

5    again failed to file an amended complaint.  On April 26, 2021, the magistrate judge issued

6    findings and recommendations that found Plaintiff had failed to timely file an amended complaint

7    and recommended dismissal of the action.  (ECF No. 22.)  Plaintiff did not object to the findings

8    and recommendations.  On July 6, 2021, the Court adopted the findings and recommendations in

9    full and dismissed this action.  (ECF No. 23.)  Judgment was entered the same day.  (ECF No.

10   24.)

11          On July 26, 2021, Plaintiff filed the instant motion for reconsideration.  (ECF No. 25.)

12   **II.   STANDARD OF LAW**

13          The Court may grant reconsideration under either Federal Rule of Civil Procedure

14   ("Rule") 59(e) or 60(b).  *See Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995).  A

15   motion to alter or amend a judgment under Rule 59(e) must be filed no later than 28 days after the

16   entry of judgment.  Fed. R. Civ. P. 59(e).  Therefore, a "motion for reconsideration" is treated as a

17   motion to alter or amend judgment under Rule 59(e) if it is filed within 28 days of entry of

18   judgment.  *Rishor v. Ferguson*, 822 F.3d 482, 489–90 (9th Cir. 2016); *see Am. Ironworks &*

19   *Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).  Otherwise, it is

20   treated as a Rule 60(b) motion for relief from judgment or order.  *Id.*  Here, Plaintiff's motion was

21   filed within twenty-eight days of entry of Judgment and is therefore construed as a motion to alter

22   or amend the judgment under Rule 59(e).  (*See* ECF Nos. 24, 25.)

23          Rule 59(e) does not list specific grounds for a motion to amend or alter, therefore the

24   district court enjoys considerable discretion in granting or denying the motion.  *Allstate Ins. Co. v.*

25   *Herron (Allstate Ins. Co.)*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*,

26   197 F.3d 1253, 1255 n.1 (9th Cir. 1999)).  "In general, there are four basic grounds upon which a

27   Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of

28   law or fact upon which the judgment rests; (2) if such motion is necessary to present newly

discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Id*. Reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *McDowell*, 197 F.3d at 1255 (emphasis in original). Indeed, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* at 1255 n.1. Further, "[a] motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co. (Marlyn)*, 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original).

### III.   ANALYSIS

Plaintiff argues, in conclusory fashion, that the Court "ignored" viable claims raised in Plaintiff's previously dismissed pleadings (mistakenly referred to by Plaintiff as his "petition") and directs the Court to re-review the original Complaint "with all details." (*See* ECF No. 25 at 1.) This argument fails to establish Plaintiff is entitled to relief under Rule 59(e).

Notably, Plaintiff's arguments do not constitute "newly discovered or previously unavailable evidence" or "an intervening change in controlling law." *Allstate Ins. Co.*, 634 F.3d at 1111. Rather, Plaintiff is impermissibly attempting to assert arguments regarding the sufficiency of his claims which could have been raised on several occasions prior to this Court's entry of Judgment. *Marlyn*, 571 F.3d at 880. Nor does Plaintiff identify any specific circumstances that are so "highly unusual" as to require reconsideration to "prevent manifest injustice." *McDowell*, 197 F.3d at 1255; *Allstate Ins. Co.*, 634 F.3d at 1111.

Accordingly, Plaintiff fails to demonstrate he is entitled to the extraordinary relief set forth under Rule 59(e). *McDowell*, 197 F.3d at 1255 n.1.

///

///

///

///

4

**IV. CONCLUSION**

For the reasons discussed herein, Plaintiff's Motion for Reconsideration is DENIED. (ECF No. 25.)

IT IS SO ORDERED.

Dated: August 30, 2021

                                                Troy L. Nunley
                                                United States District Judge